UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE COUPANG, INC. DERIVATIVE LITIGATION

Lead Case No.: 1:23-cv-07239-VSB

---

**STIPULATION AND ORDER REGARDING
STAY OF PROCEEDINGS**

Plaintiffs Kia Tang, Aimee Bryan, Mark Hattori, and Susan Newman ("Plaintiffs"), Nominal Defendant Coupang, Inc. ("Coupang" or the "Company"), and individual defendants Bom Suk Kim, Gaurav Anand, Neil Mehta, Benjamin Sun, Michael Parker, Matthew Christensen, Lydia Jett, Harry You, and Kevin Warsh (the "Individual Defendants" and, together with Coupang, "Defendants"), by and through their undersigned counsel, stipulate as follows.

WHEREAS, on August 16, 2023, Plaintiff Kia Tang filed a stockholder derivative complaint in this Court on behalf of Coupang against the Individual Defendants, captioned *Tang v. Kim, et al.*, Case No.: 1:23-cv-07239-VSB (the "*Tang* Action"), alleging violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), Section 11(f) of the Securities Act of 1933 (the "Securities Act"), breaches of fiduciary duty, unjust enrichment, and gross mismanagement.

WHEREAS, on August 22, 2023, Plaintiff Aimee Bryan filed a stockholder derivative action on behalf of Coupang against the Individual Defendants, captioned *Bryan* v. *Kim, et al.*, Case No. 1:23-cv-07445-VSB (the "*Bryan* Action"), alleging substantially similar facts and claims as the *Tang* Action;

WHEREAS on December 20, 2023, Plaintiffs Mark Hattori and Susan Newman filed a stockholder derivative complaint in this Court on behalf of Coupang against the Individual

Defendants, captioned *Hattori, et al. v. Anand, et al.,* Case No. 1:23-cv-11043-VSB (the "*Hattori* Action"), alleging substantially similar facts and claims as the *Tang* Action and the *Byan* Action;

WHEREAS, on October 10, 2024, pursuant to a stipulation between the parties, the Court entered an Order consolidating *Tang* Action, the *Bryan* Action, and the *Hattori* Action under the caption *In re Coupang, Inc. Derivative Litigation*, No. 1:23-cv-7239-VSB (the "Consolidated Derivative Action") (ECF Nos. 15, 16);

WHEREAS, an earlier-filed and factually related securities class action, captioned *Choi* v. *Coupang, Inc., et al.*, Case No. 1:22-cv-07309-VSB (the "Securities Class Action")[1], is pending in the United States District Court for the Southern District of New York before this Court; the Court-appointed lead plaintiffs in the Securities Class Action filed an amended complaint on May 24, 2023, asserting federal securities claims against Defendants and the underwriters of the Company's initial public offering; defendants in the Securities Class Action moved to dismiss the amended complaint on July 28, 2023; and the motion to dismiss in the Securities Class Action is fully briefed and pending before the Court;

WHEREAS, based upon the overlapping parties and factual allegations in the Securities Class Action and the Consolidated Derivative Action, and to avoid the unnecessary expenditure of judicial resources as further developments in the Securities Class Action may be relevant to this Consolidated Derivative Action and inform the manner in which this Consolidated Derivative Action proceeds, the parties have agreed, subject to this Court's approval, that all proceedings and

---

[1] Since its filing, the Securities Class Action has been restyled as *Teachers' Retirement System of the City of New York, the New York City Employees Retirement System, the New York City Police Pension Fund, the New York City Fire Department Pension Fund, the Board of Education Retirement System of the City of New York, the New York City Deferred Compensation Plan, and the Teachers' Retirement System of the City of New York Variable Annuity Program v. Coupang, Inc., et al.*, Case No. 1:22-cv-07309-VSB (S.D.N.Y.).

deadlines in this Consolidated Derivative Action should be stayed until the earlier of the date that (i) the Securities Class Action is dismissed with prejudice and all appeals therefrom are exhausted or (ii) any defendant in the Securities Class Action files an answer to the operative complaint in that action;

WHEREFORE, the parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an order as follows:

1. Undersigned counsel for Defendants is authorized to accept, and hereby does accept as of the date hereof, service of the complaints in the *Tang* Action, *Bryan* Action, and *Hattori* Action on behalf of Defendants, without prejudice and without waiver of any of Defendants' defenses, objections, or arguments in this matter, except as to sufficiency of service of process.

2. Except as provided below, all proceedings and deadlines, including any motions practice and obligation to answer, move against, or otherwise respond to the complaints in this Consolidated Derivative Action, are hereby stayed and shall remain stayed until the earlier of the date that: (1) the Securities Class Action is dismissed with prejudice and all appeals therefrom are exhausted; or (2) any defendant in the Securities Class Action files an answer to the operative complaint in that action;

3. The parties shall meet and confer and submit a proposed scheduling order concerning future proceedings in this matter within thirty (30) days after the date that the stay lifts as provided in Paragraph 2. The Parties expressly reserve their rights as to whether the stay shall continue, in whole or in part, and terms of a future stay, if any.

4. The stay of proceedings provided in Paragraph 2 may be earlier lifted: (i) at any time, if the parties file a written stipulation with the Court agreeing to lift the stay; (ii) after fourteen (14) days' written notice via email from Plaintiff's counsel to the undersigned counsel

for Defendants, but only if a Related Derivative Action (as defined below), wherever instituted, is not stayed for the same or longer duration than the stay of this Derivative Action, or if Defendants enter into a stipulation of settlement or settlement memorandum of understanding in the Securities Class Action or a Related Derivative Action (as defined below); or (iii) after fourteen (14) days written notice via email from Defendants' counsel to undersigned counsel for Plaintiff.

5.  Plaintiffs may file a consolidated complaint while the Consolidated Derivative Action is stayed, but Defendants shall not be required to respond to any consolidated complaint during the pendency of the stay.

6.  Defendants shall promptly notify Plaintiffs if a shareholder derivative action arising from substantially similar or the same facts as alleged in the Consolidated Derivative Action is filed (a "Related Derivative Action"), or any threatened shareholder derivative action, litigation demands, or books and records demand pursuant to 8 *Del. C.* § 220, arising from substantially similar or the same facts as alleged in the Consolidated Derivative Action is made.

7.  If Defendants produce documents in connection with a related books and records demand pursuant to 8 *Del. C.* § 220, arising from substantially similar or the same facts as alleged in the Consolidated Derivative Action, then Defendants shall provide a copy of such production to Plaintiffs within fourteen (14) business days of such production, subject to the prior execution of a reasonable confidentiality agreement governing the use and disclosure of these materials.

8.  Defendants shall advise Plaintiffs with reasonable notice of any mediation or formal settlement discussions with the lead plaintiffs in the Securities Class Action and shall make a good faith effort to include Plaintiffs in any such mediation. Plaintiffs' ability to attend and participate in any mediation or formal settlement discussions is contingent on their prior agreement to be

bound by any confidentiality agreement or stipulation governing such mediation or formal settlement discussions. In the event that Plaintiffs are not able to participate in the mediation with the lead plaintiffs in the Securities Class Action, then Defendants agree to mediate with Plaintiffs with regard to the Consolidated Derivative Action on a date close to the mediation in the Securities Class Action.

9. If Defendants engage in mediation or formal settlement discussions with any other plaintiffs in any Related Derivative Action or any shareholders who make litigation demands or books and records demands that assert substantially similar claims as those asserted by Plaintiffs, then Defendants agree to include Plaintiffs in any such mediation or formal settlement discussions. Plaintiffs' ability to attend and participate in any mediation or formal settlement talks is contingent on their prior agreement to be bound by any confidentiality agreement or stipulation governing such mediation or formal settlement talks.

10. To the extent that Plaintiffs believe a similar stay agreement between Defendants and a plaintiff in a Related Derivative Action contains a more favorable provision or benefit than this stipulation, Defendants shall confer with Plaintiffs in good faith to modify or amend this stipulation regarding whether to incorporate such more favorable provision or benefit.

11. By entering into this Stipulation, the parties reserve all of their respective rights, claims, and defenses in this Consolidated Derivative Action, and no part of this Stipulation shall be construed as a waiver of any available rights, claims or defenses.

December 6, 2024

**THE ROSEN LAW FIRM, P.A.**

By: ___/s/ *Erica L. Stone*___
Phillip Kim
Erica L. Stone
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: philkim@rosenlegal.com
Email: estone@rosenlegal.com

**RIGRODSKY LAW, P.A**.

By: ___/s/ *Timothy J. MacFall*___
Timothy J. MacFall
300 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516/s/
Email: tjm@rl-legal.com

*Co-Lead Counsel for Plaintiffs*

**BRAGAR EAGEL & SQUIRE, P.C.**
Lawrence P. Eagel
 Melissa A. Fortunato
Gabriela A. Cardé
810 Seventh Avenue, Suite 620
New York, NY 10022
 Telephone: (212) 308-5858
Facsimile: (212) 486-0462
Email: eagel@bespc.com
Email: fortunato@bespc.com
Email: carde@bespc.com

*Counsel for Plaintiffs Mark Hattori and Susan Newman*

| | |
|---|---|
| December 6, 2024 | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br><br>By: ___/s/ Andrew J. Ehrlich___<br>Andrew J. Ehrlich<br>Brette Tannenbaum<br>PAUL, WEISS, RIFKIND,<br>WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Tel.: (212) 373-3000<br>Fax: (212) 757-3990<br>aehrlich@paulweiss.com<br>btannenbaum@paulweiss.com<br><br>*Counsel for Defendants* |

SO ORDERED this 9th day of December, 2024.

_____
The Hon. Vernon S. Broderick
United States District Judge